UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Billy Bennett, *aka* Edward B. Bennett, # 191617,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Coca-Cola Company;<br>Coca-Cola Owners;<br>Stock Holders;<br>Board of Directors,<br><br>　　　　　　　　　　Defendants. | C/A No. 2:11-3368-TMC-JDA<br><br><br>**Report and Recommendation** |

## *Background*

Plaintiff is an inmate at the McDougall Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on January 4, 2012) indicates that Plaintiff is serving a thirteen-month sentence for a criminal domestic violence conviction entered in the Court of General Sessions for Charleston County.

Plaintiff has styled his Complaint in the above-captioned case as a "Product Liability" and "Failure to warn" action. Plaintiff indicates that he intended to purchase cans of Diet Coke® at his prison canteen. What Plaintiff thought to be cans of Diet Coke® were actually cans of Coca-Cola®. Essentially, Plaintiff alleges that the then-new Coca-Cola® cans resembled old Diet Coke® cans. Plaintiff indicates that the Coca-Cola Company has subsequently "changed" the label. Plaintiff purchased the cans on November 29, 2011, and

again on November 30, 2011.  Plaintiff writes: "The plaintiff could have suffered serious injury, or death due to the negligent acts of coke, coca cola, and its bottlers, [packagers], and distributors."[1]   (Complaint [ECF No. 1], at page 2).   Plaintiff that alleges that he sustained "financial injury" in the amount of $2.70 (the costs of the cans) plus a five-dollar ($5) charge for a medical visit.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978);

---

[1] Plaintiff, on page 2 of the Complaint, refers to "bottlers" and "distributors" of the Coca-Cola Company.  In the Complaint, Plaintiff does not indicate which bottler or distributor made the products consumed by Plaintiff.  A search of records on the South Carolina Secretary of State database on the LEXIS service shows that there are numerous separately-incorporated bottlers or distributors of Coca-Cola products in South Carolina: Coca-Cola Bottling Company Consolidated (a Delaware corporation); United Coca-Cola Bottling Company United (an Alabama corporation operating in Spartanburg, South Carolina); Coca-Cola Bottling Company of Anderson, S.C. (a South Carolina corporation), Columbia Coca-Cola Bottling Company (a South Carolina corporation); Rock Hill Coca-Cola Bottling Company (a South Carolina corporation), Carolina Coca-Cola Bottling Company (a South Carolina corporation operating in Sumter, South Carolina); Orangeburg Coca-Cola Bottling Company (a South Carolina corporation), Sunbelt Coca-Cola Bottling Company of Charleston (a South Carolina corporation); and Palmetto Bottling Company (a South Carolina corporation).

[2] Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a pro se litigant, and thus, his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n.7 (1980) (per curiam); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Even when considered under this less stringent standard, however, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The above-captioned case is not maintainable as a civil rights action because the various Defendants have not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege (1) the defendant deprived him or her of a federal right and (2) did so under color of state law.  *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  In affirming the district court's order, the Fourth Circuit Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

3

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar*, 457 U.S. at 936; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[3]

Whether a private individual's or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the State. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself."

---

[3] *Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

*Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.

Secondly, negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *see also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Thirdly, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).

South Carolina law allows products liability actions. *See, e.g.*, *Nationwide Mut. Ins. Co., Inc. v. Eagle Windows & Doors, Inc.*, 394 S.C. 54, 714 S.E.2d 322 (2011); *Dunn v. Charleston Coca-Cola Bottling Co.*, 311 S.C. 43, 426 S.E.2d 756 (1993); *Boyd v. Marion Coca-Cola Bottling Co.*, 240 S.C. 383, 126 S.E.2d 178 (1962); *Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S.C. 35, 351 S.E.2d 897 (Ct. App. 1986).

A *state* law cause of action relating to products liability would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788–91 (D.S.C. 1992), *aff'd*, No. 92-2368, 10 F.3d 806, 1993 WL 478836 (4th Cir. Nov. 22, 1993) (unpublished table decision). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978).

Plaintiff does not meet the jurisdictional amount required under the diversity statute. *See* Complaint (ECF No. 1), wherein Plaintiff indicates that his "financial injury" was seven dollars and seventy cents ($7.70), which was based on the cost of the cans of Coca-Cola ($2.70) and the cost of a medical visit ($5). *See Miller v. Lifestyles Senior Housing Managers*, No. CIV S 05887LKKDAD, 2005 WL 1397401, at *1 (E.D. Cal. June 13, 2005) ("Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of more than $75,000."); *Jennings v. Univ. of N.C. at Chapel Hill*, 240 F. Supp. 2d 492, 497 (M.D.N.C. 2002); *see also McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 390–95 & nn.2–7 (7th Cir. 1979); *Cowan v. Windeyer*, 795 F. Supp. 535, 536–37 (N.D.N.Y. 1992); *Mut. First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282–83 & nn.3–4 (S.D. Ala. 1989); *Woodmen of World Life Ins. Soc'y v. Great Atlantic & Pacific Tea Co.*, 561 F. Supp. 640, 641–42 (N.D. Ill. 1982); *Carr v. Mid-South Oxygen, Inc.*, 543 F. Supp. 299, 300 (N.D. Miss. 1982), which are cited in *Anderson*

*v. Caldwell*, Civil Action No. 3:10-1906-CMC-JRM, 2010 WL 3724752 (D.S.C. Aug. 18, 2010), *adopted*, 2010 WL 3724671 (D.S.C. Sept. 15, 2010).[4]

Because there is no basis for federal question or diversity jurisdiction in this case, this federal court lacks subject matter jurisdiction over the above-captioned case, and the case should be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

s/Jacquelyn D. Austin

January 4, 2012                              Jacquelyn D. Austin
Greenville, South Carolina        United States Magistrate Judge

---

[4] Although the service documents (ECF No. 11) submitted by Plaintiff indicates that all Defendants should be served at the Headquarters of the Coca-Cola Company in Atlanta, Georgia, it is likely that there is at least one person in South Carolina who owns Coca-Cola stock. If so, complete diversity of parties would not be present in this case.

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).